**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

Shay Santana,

          Plaintiff,

v.

Exeter Finance Corp.,

          Defendant.

Case No.: 3:16-cv-66-TCB

**COMPLAINT WITH
JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a debt Plaintiff does not owe. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1. Plaintiff, Shay Santana, is a natural person who resides in Spalding County, Georgia.

1

2. Plaintiff is the subscriber for the cellular telephone with the number 404-***-5390 (the "Cell Phone").

3. Defendant, Exeter Finance Corp., is a privately held corporation incorporated under the laws of the State of Texas and does business in Georgia.

4. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.  Pursuant to LR 3.1B(3), NDGa, venue is proper in the Newnan Division because the conduct complained of herein occurred in Spalding County, which is in the Newnan Division.

## FACTUAL ALLEGATIONS

8. In or about March, 2016, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect a debt allegedly owed by a third party.

9. Defendant's calls to Plaintiff were made from phone number (800) 321-9637.

10. The phone number (800) 321-9637 is a number that belongs to Defendant.

11. On or about March 2, 2016, Plaintiff initiated a conversation with Defendant in which she informed Defendant that it was calling the wrong number and that Defendant did not have permission to contact her further regarding the matter.

12. Despite her request for the calls to stop, Defendant called Plaintiff's Cell Phone an additional nine (9) times between March 9, 2016 and March 11, 2016.

13. When Plaintiff answered calls from Defendant, Plaintiff heard pauses and/or clicks at the beginning of the calls and before the caller began speaking.

14. Upon information and belief, Defendant used an autodialer and or other predictive dialing equipment to make its calls to Plaintiff.

15. Plaintiff never provided consent to Defendant to be contacted on her Cell Phone.

16. To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent.

17. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

18. Defendant's calls to Plaintiff had no emergency purpose.

19. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

20. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

21. Once Defendant knew that Plaintiff did not wish to be called there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

22. Plaintiff carries her Cell Phone at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

23. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in her cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"), emotional distress—including frustration and aggravation—in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## **TRIAL BY JURY**

24. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

25. Plaintiff incorporates by reference paragraphs 1 through 23 as though fully stated herein.

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

27. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

29. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount

of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

30. Plaintiff incorporates by reference paragraphs 1 through 23 as though fully stated herein.

31. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

32. It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly, without consent, for the purpose of attempting to collect a debt although Defendant had actual knowledge that Plaintiff did not owe a debt to Defendant.

33. It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly when it had actual knowledge that Plaintiff was not the debtor it sought and that it was contacting the wrong telephone number in seeking collection.

34. It was unfair for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

35. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

36. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

37. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

38. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's modus operandi for debt collection and is done on a wide scale.

39. Defendant's conduct amounts to an unfair business practice.

40. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

41. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the notification and demand provisions of O.C.G.A. § 10-1-399(b).

42. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

43. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

44. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

45. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11.

**WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff and against Defendant for:**

    a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

    b.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

    c.) Actual damages;

    d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

    e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 19th day of April, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com